10-2983-ag
Ou v. Holder

BIA
Holmes-Simmons, IJ
A099 928 392

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of July, two thousand eleven.

PRESENT:
ROBERT A. KATZMANN,
GERARD E. LYNCH,
DENNY CHIN,
        *Circuit Judges*.

_____

SHOU CHUN OU,
        *Petitioner*,

        v.                                    10-2983-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Anthony C. Payne, Senior

**Litigation Counsel; Lindsay E. Williams, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner, Shou Chun Ou, a native and citizen of China, seeks review of a July 8, 2010, decision of the BIA affirming the September 18, 2008, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and denying his motion to remand. *In re Shou Chun ou*, No. A099 928 392 (B.I.A. July 8, 2010), *aff'g* No. A099 928 392 (Immig. Ct. N.Y. City Sept. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin*

2

*Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005).

The agency correctly concluded that Ou was not eligible for relief based solely on his wife's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Nonetheless, even though he was not *per se* eligible for relief on that basis, he could have established his eligibility for relief by demonstrating that he engaged in "other resistance" to the family planning policy and that, as a result, he either suffered past persecution or had a well founded fear of future persecution. 8 U.S.C. § 1101(a)(42); *Shi Liang Lin*, 494 F.3d at 309-10.

Even assuming *arguendo* that Ou had engaged in "other resistance," the agency reasonably found that Ou did not suffer past persecution, as he testified that he was never arrested, beaten, fined, interrogated, sterilized, or otherwise harmed by Chinese officials, and that he did not have any interaction with family planning officials from the time his wife had the abortion until he left China nine years later. *Shi Liang Lin*, 494 F.3d at 309-10. The agency also reasonably found that Ou did not establish a well-founded fear of future persecution based on the possibility

3

that he would have more children after returning to China, as this fear was too speculative to establish eligibility for relief. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (per curiam) (holding that, absent "solid support in the record" for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best").

With respect to Ou's claims for withholding of removal and CAT relief based on his purported illegal departure from China, the agency reasonably concluded that Ou failed to establish that it was more likely than not that he would be persecuted or tortured if returned to China. Because Ou's claim that he would be punished based on his illegal departure from China was an assertion that he would be punished under a generally applicable law and not persecuted on account of a protected ground, he failed to establish his eligibility for withholding of removal. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992). Also, because Ou primarily relied on human rights reports and did not present any particularized evidence that he would be singled out for torture based on his illegal departure, the agency did not err in finding that Ou failed to establish his eligibility for CAT relief. *See Mu Xiang*

4

*Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

In addition, the BIA did not abuse its discretion in denying Ou's motion to remand for failure to establish *prima facie* eligibility for relief based on his conversion to Christianity because Ou did not present any evidence that authorities in China are either aware, or likely to become aware, of his Christian religion or activities. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (providing that an applicant attempting to reopen his case based on changed circumstances must "establish *prima facie* eligibility for asylum, *i.e.*, 'a realistic chance' that he will be able to establish eligibility"); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

5

The BIA did not, however, expressly consider Ou's claim for relief under 8 C.F.R. § 208.16(b)(2), which alleged a pattern or practice of persecution against Christians or unauthorized church followers in China. *See Mufied v. Mukasey*, 508 F.3d 88, 91-93 (2d Cir. 2007). Ou presented evidence to this effect that the agency appears to have considered only his claim that he would be singled out for persecution. Rather than evaluate the evidence and adjudicate the pattern-or-practice claim ourselves, we think it is the "the better" course to remand this aspect of Ou's petition to the BIA. *See id.* at 93.

For the foregoing reasons, the petition for review is DENIED in part, GRANTED in part, and REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk